UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>AARON LOPEZ GARCIA,<br><br>                    Defendant. | No. CR-05-2040-FVS<br><br>ORDER |

**THE DEFENDANT** has filed several motions.  He is represented by Troy J. Lee.  The government is represented by Shawn Andersen.

**BACKGROUND**

The defendant is charged with being a felon in possession of a firearm.  18 U.S.C. § 922(g)(1).  The charge arises from an incident that occurred on February 10, 2005.  The defendant moved to suppress evidence.  On June 23, 2005, the Court conducted an evidentiary hearing.  At its conclusion, the Court orally denied the defendant's motion.  On May 11, 2006, he filed a motion asking the Court to reconsider its original ruling.  On June 28, 2006, he filed both a second motion to suppress and a second request for discovery.

**RECONSIDERATION**

Reconsideration is appropriate if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an

ORDER - 1

intervening change in controlling law." *School District No. 1J Multnomah County*, 5 F.3d 1255, 1263 (9th Cir.1993) (citations omitted). The defendant has failed to satisfy this standard. As a result, the Court declines to reconsider its original ruling.

**SECOND MOTION TO SUPPRESS**

A number of police officers were present at the incident that led to the defendant being charged with a violation of § 922(g)(1). At least one of the officers prepared a report. Although the record is not entirely clear, it appears the government disclosed copies of all of the police reports under its control. However, the government did not call all of the officers as witnesses at the evidentiary hearing. Now, over a year after the hearing, the defendant argues that the testimony of an officer who did not testify -- an Officer Baker -- may have helped him establish that a Fourth Amendment violation occurred. The Court disagrees. It appears that the testimony of Officer Baker would have been cumulative.

**IT IS HEREBY ORDERED:**

1. The defendant's motion to suppress (**Ct. Rec. 37**) is denied.

2. The defendant's motion for reconsideration (**Ct. Rec. 110**) is denied.

3. The defendant's second motion to suppress (**Ct. Rec. 129**) is denied.

4. The defendant's motion for discovery (**Ct. Rec. 128**) is granted to the extent provided by Federal Rule of Criminal Procedure 16(a)(1), *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d

ORDER - 2

215 (1963), *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), and the Jencks Act, 18 U.S.C. § 3500. The government shall perform the review required by *United States v. Henthorn*, 931 F.2d 29 (9th Cir.1991).

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this  10th   day of July, 2006.

>           s/Fred Van Sickle
>            Fred Van Sickle
>     United States District Judge

ORDER - 3